J-S56007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS DAVID GREMS, | |
| Appellant | No. 221 MDA 2016 |

Appeal from the Judgment of Sentence Entered December 15, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001058-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 16, 2016**

Appellant, Thomas David Grems, appeals from the judgment of sentence of an aggregate term of 13½ to 27 years' incarceration, imposed after he pled guilty to statutory sexual assault (SSA), 18 Pa.C.S. § 3122.1, and endangering welfare of children (EWOC), 18 Pa.C.S. § 4304(a)(1). Appellant raises two issues on appeal, both of which challenge discretionary aspects of his sentence.  After careful review, we affirm.

In April of 2015, Appellant was arrested and charged with numerous sexual offenses stemming

> from an April 16, 2015, incident in which a Scranton Police
> Officer working in a local high school was called to the school's
> main office to see a male student and his parents.  The male
> student told the officer that he took [the phone of] his 14 year

---

[*] Former Justice specially assigned to the Superior Court.

old girlfriend[], … the victim, and saw improper text messages from the victim's father. The text messages were from "Daddy" and the phone number matched the number the school had on file for the victim's father, [Appellant]. The messages, dated April 7, 2015, showed "Daddy" asking the victim for naked pictures and to lick her toes and anus. The victim was interviewed at Children's Advocacy Center on the same date and disclosed that her father, [Appellant], had been sexually assaulting her for two years, since she was 12 years old. The victim disclosed that in the past[, Appellant] had attempt[ed] to penetrate her vaginal and anal areas, had masturbated in front of her, and [had] ejaculated on her. The victim further disclosed that about three weeks prior, [Appellant had] held her down and performed oral sex on her.

On September 1, 2015, [Appellant] pled guilty to Count 3 - [SSA] … in violation of 18 Pa.C.S.A. § 3122.1(b), and Count 8 - [EWOC] … in violation of 18 Pa.C.S.A. § 4304(a)(1) and the remaining charges were *Nolle Prossed*.

On December 15, 2015, following a SORNA[1] hearing, [Appellant] was determined to be a sexually violent predator (SVP) requiring lifetime, quarterly registration. On the same day, [the trial] [c]ourt sentenced [Appellant] to an aggregate term of [13½] to [27 years'] incarceration and no contact with the victim or any other minors. [Appellant] was specifically sentenced to [12] to [20 years'] imprisonment on Count 3, and [3½] to [7 years'] imprisonment [on Count 8], consecutive.

On December 23, 2015, [Appellant] filed a Motion for Reconsideration of Sentences, which [the trial] [c]ourt denied on January 5, 2016. [Appellant] timely appealed to the Pennsylvania Superior Court.

Trial Court Opinion (TCO), 3/29/16, at 2-3 (citations to the record and certain emphasis omitted).

---

1 Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9791-9799.14.

Appellant timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court filed a responsive opinion on March 29, 2016. Herein, Appellant raises two issues for our review:

> A. Whether the sentences imposed were inappropriately harsh and excessive and an abuse of discretion?
>
> B. Whether the lower court erred and committed an abuse of discretion when it failed to impose concurrent sentences?

Appellant's Brief at 4.

While Appellant divides his argument into two separate issues, they are interrelated and, therefore, we will address them together. Appellant's issues both challenge discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, several claims set forth by Appellant in the argument portion of his brief do not meet the four-part test for invoking this Court's jurisdiction to review discretionary-aspects-of-sentencing claims. Specifically, Appellant contends that in fashioning his sentence, the court improperly relied on certain factors, such as the age difference between him and the victim,[2] the fact that he is the victim's father,[3] and his prior criminal history, which was used to calculate his prior record score. **See** Appellant's Brief at 14. Appellant also avers that the court should not have imposed consecutive sentences because "the crimes to which he pled guilty involved one

---

[2] Appellant claims that the age disparity was already considered in the grading of his offense as a felony of the first-degree. **See** 18 Pa.C.S. § 3122.1(b) (making SSA a felony of the first degree where the victim is under the age of 16 and the perpetrator is 11 or more years older than the victim).

[3] Appellant claims that his relationship to the victim was already accounted for in convicting him of EWOC. **See** 18 Pa.C.S. § 4304(a)(1) (defining EWOC as involving a parent or guardian's endangerment of the welfare of a child).

- 4 -

continuous course of conduct[,]" and that "the [SSA charge] formed the basis of the [EWOC] charge." *Id.* at 16.

Appellant did not raise these specific arguments at the sentencing hearing, in his written post-sentence motion, or in his Rule 2119(f) statement; therefore, he has not satisfied the prerequisites for obtaining review of these claims. *See Evans*, 901 A.2d at 533; *see also Mann*, 820 A.2d at 794 (finding the appellant's specific sentencing claim waived where it was not explicitly set forth in his post-sentence motion or raised during the sentencing hearing) (citations omitted). Additionally, Appellant failed to present the above-stated arguments in his Rule 1925(b) statement. Consequently, the trial court did not address them in its Rule 1925(a) opinion. Accordingly, Appellant has waived these issues for this reason, as well. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

From our review of the record, the sentencing claims that Appellant preserved below are those set forth, as follows, in his Rule 2119(f) statement:

> Appellant argues that since his aggregate sentence is 13½ to 27 years, it is "so manifestly excessive as to constitute too severe a punishment." *See Commonwealth v. Mouzon*, [812 A.2d 617,] 624 [(Pa. 2002)]. [] Appellant asserts that not only were the individual sentences harsh and unreasonable, but also that the aggregate sentence amounted to a life sentence since he is 55 years old. He submits that given the length of the sentences, the fact[] that the sentencing court imposed maximum sentences on both charges, that they were inappropriately harsh

and excessive and that this Court should conduct a review of his sentences.

Appellant's Brief at 10-11. Given that Appellant cited the court's imposition of two consecutive, statutory maximum sentences, and he argued that the aggregate term of imprisonment is effectively a life sentence because of his age, we conclude that he has set forth a "plausible argument that the sentence is *prima facie* excessive" so as to warrant this Court's review. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013).

> In assessing the merits of Appellant's arguments, we are mindful that,

> [t]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. ... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-70 (Pa. Super. 2010) (citation omitted).

Essentially, Appellant contends that his aggregate sentence is harsh and excessive because the court imposed consecutive, statutory maximum terms that result in what is effectively a life sentence. Appellant's argument

fails to demonstrate an abuse of discretion by the sentencing court. Our review of the record reveals that, prior to imposing Appellant's sentence, the court reviewed a presentence report. **See** N.T. Sentencing, 12/15/15, at 36. Thus, we "presume[] that [the court] was aware of the relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Fowler**, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citation omitted). The court also considered a victim impact statement, the arguments of the Commonwealth and defense counsel, a statement on Appellant's behalf by a family member, and Appellant's own statement to the court. **See** N.T. Sentencing at 29-36, 39.

Additionally, the court stated various reasons for imposing statutory maximum, consecutive sentences in this case, including: the need to protect the public (especially children) from Appellant; the length of time over which Appellant sexually abused the victim; the fact that the victim was Appellant's biological daughter; the significant age difference between Appellant and the victim; Appellant's exhibiting "a complete lack of regard for the seriousness of the offense, [and] the physical and psychological harm [he] caused to the victim[;]" Appellant's unwillingness to accept any responsibility for his "heinous act[s]" and his total "lack of remorse[;]" Appellant's prior criminal history, including a sexual assault against another child "in a similar situation" as the present; Appellant's failure to rehabilitate himself following that previous offense; and Appellant's prior offenses of failing to register as a sex offender, which demonstrated to the court that Appellant has a

"complete disregard for the law…." *Id.* at 36-39. For all of these reasons, the court felt "it appropriate that the maximum sentence … be imposed" for each of Appellant's offenses, and it determined that those sentences should run consecutively. *Id.* at 39.

Due to the ample reasons provided by the court for fashioning Appellant's sentence, all of which are supported by the record, Appellant's argument fails to demonstrate that the court abused its discretion. The main thrust of Appellant's argument is that he received what is essentially a life sentence. However, we reject Appellant's suggestion that he should have received a lesser sentence simply because of his age at the time of the sentencing hearing, where Appellant committed heinous sexual offenses against his own child over the course of two years, and he had previously committed similar abuse of another child victim. Given the seriousness of Appellant's offenses, along with the totality of other factors cited by the court, Appellant's sentence is not manifestly excessive.

Judgment of sentence affirmed.

Judge Panella joins this memorandum.

President Judge Emeritus Stevens concurs in the result of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2016